UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

One Fat Frog, Incorporated,

Debtor.
_______________________________________/

Case No. 6:24-bk-2620-LVV
Chapter 11 (Subchapter V)

L. Todd Budgen, as Trustee in Possession of
One Fat Frog, Incorporated,

Plaintiff,

v.

Adv. Case No. 6:26-ap-____-LVV

Paul Baugher,

Defendant.
_______________________________________/

# COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS

L. Todd Budgen as Trustee-in-Possession of One Fat Frog, Incorporated ("**Trustee**" or "**Plaintiff**"), files this Complaint against Defendant, Paul Baugher ("**Defendant**"), and states as follows:

## NATURE OF ADVERSARY PROCEEDING

1. Through this adversary proceeding, the Trustee seeks to avoid and recover transfers made by the Debtor to Defendant.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 because this proceeding arises in and relates to the chapter 11 case pending before this Court captioned *In re One Fat Frog, Incorporated*, Case No. 6:24-bk-2620-LVV.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Plaintiff consents to entry of final orders and judgment by the Court.

4. Pursuant to Rule 7008 of the Bankruptcy Rules,[1] Defendant is hereby notified that it is required to admit or deny whether this is a core or non-core proceeding, and if non-core to state whether the Defendant consent or does not consent to entry of final orders or judgment by the esteemed bankruptcy judge.

5. The statutory and legal predicates for the relief sought herein are §§ 544, 548, and 550 of the Bankruptcy Code,[2] 28 U.S.C. § 1334, Chapter 726 of the Florida Statutes, and Rules 3007 and 7001 of the Bankruptcy Rules.

## THE PARTIES

6. Plaintiff is the Trustee-in-Possession of One Fat Frog, Incorporated ("**OFF**" or "**Debtor**") in the above-captioned bankruptcy case.

7. Defendant is an individual and is a resident of Florida.

## FACTUAL BACKGROUND

### *The Debtor's Business and the Chapter 11 Filing*

8. The Debtor is a Florida corporation that manufactured mobile kitchens.

9. On May 24, 2025 (the "**Petition Date**"), the Debtor filed its Voluntary Petition for Non-Individuals Filing for Bankruptcy and initiated a case chapter 11 Bankruptcy Code. The Debtor made the election to proceed under subchapter V of the Bankruptcy Code pursuant to the Small Business Reorganization Act of 2019, as amended.

---

[1] All references to the "**Bankruptcy Rules**" are to the applicable rule of the Federal Rules of Bankruptcy Procedure.

[2] All references to the "**Bankruptcy Code**" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

***Defendant is an Insider of the Debtor***

10. Defendant is a relative of Connie Baugher Hassanien.

11. Prior to the Petition Date, Connie Baugher Hassanien was the President, sole shareholder, and a person in control of the of the Debtor.

12. Defendant constitutes an "insider" of the Debtor under the Bankruptcy Code because he is a relative of Connie Baugher Hassanien.

***The Basis for the Liabilities to Defendant is Unknown***

13. The Trustee has been unable to locate any documents memorializing an obligation the Debtor owed to Defendant.

14. The Trustee is unable to locate any liability owed to Defendant on the copies of the Debtor's balance sheet for 2022 in the Trustee's possession.

15. Further, the Trustee has no documentation that Defendant was ever an employee of the Debtor.

***Summary of Transfers to Defendant***

16. Nevertheless, the Debtor made transfers to Defendant totaling at least $242,252.11 (the "**Fraudulent Transfers**") in the two years prior to the Petition Date. The Fraudulent Transfers are reflected on the chart below.

| Date | Amount |
|---|---|
| 4/30/2024 | $2,252.11 |
| 3/22/2023 | $240,000.00 |
| Total | $242,252.11 |

17. The Debtor's initial payment of $240,000 to the Defendant occurred on March 22, 2023.

18. Just before the transfer to the Defendant, the Debtor entered into transactions with Merchant Cash Advance ("**MCA**") lenders around March 13, 2023.

19. It is likely that the Debtor used the proceeds from those MCA transactions to make the initial transfer to Defendant.

20. The quick access to operating capital from the MCA transactions left the Debtor with substantial liabilities.

21. The Fraudulent Transfers made to Defendant were made at a time when the Debtor was unable to make payments to other creditors.

***The Debtor's Creditors***

22. At the time of the transfers made by the Debtor to the Defendant, the Debtor had various secured and unsecured creditors.

23. At all relevant times, the Debtor had at least one secured creditor with a first-priority lien on the Debtor's equipment, fixtures, inventory, accounts, instruments, chattel paper and general intangibles.

24. The Debtor's secured creditors during the relevant period included Newtek Small Business Finance, LLC and the U.S. Small Business Administration

25. At all relevant times, the Debtor also had unsecured creditors, including customers who paid amounts to purchase a mobile kitchen that had not been delivered.

## CLAIMS FOR RELIEF

### COUNT 1
### Avoidance of Fraudulent Transfers Under §§ 544 and 548 of the Bankruptcy Code and Sections 726.105(1)(a) and 728 of the Florida Statutes

26. The Trustee repeats and re-alleges the allegations set forth in paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. This is an action to avoid the Fraudulent Transfers totaling at least $242,252.11 made by the Debtor to Defendant under §§ 544 and 548 of the Bankruptcy Code and sections 726.105(1)(a) and 728 of the Florida Statutes.

28. Within two years of the Petition Date, the Debtor made the Fraudulent Transfers for the benefit of Defendant.

29. The Debtor made the Fraudulent Transfers with actual intent to hinder, delay, or defraud at least one creditor of the Debtor.

30. The actual intent of the Debtor in making the Fraudulent Transfers is evidenced by multiple badges of fraud including that:

a. The Fraudulent Transfers were to Defendant, who is an insider;
b. The Fraudulent Transfers were concealed;
c. Before the Fraudulent Transfers were made the Debtor had been sued or threatened with suit;
d. The Fraudulent Transfers constituted substantially all of the Debtor's assets at the time each subject transfer was made;
e. The value of the consideration received by the Debtor on account of the Fraudulent Transfers was not reasonably equivalent to the value of the property transferred or the obligations incurred by the Debtor;
f. The Debtor was insolvent at the time of the Fraudulent Transfers or became insolvent shortly after the Fraudulent Transfers were made;

g. The Fraudulent Transfers occurred shortly before or shortly after substantial debts were incurred by the Debtor; and

h. The timing and lack of documents memorializing any amounts owed by the Debtor to Defendant.

31. There is at least one holder of a claim that is allowable against the Debtor which would have standing to assert a claim for relief under section 726.105(1)(a), Florida Statutes.

32. Pursuant to § 544(b), the Trustee may assert these claims by stepping into the shoes of a creditor holding an unsecured claim that is allowable under § 502 or that is not allowable only under § 502(e).

33. The Trustee steps into the shoes of any one of, or all of, the unsecured creditors reflected on the Claims Register holding a claim that is allowable under § 502 or that is not allowable only under § 502(e).

34. The Fraudulent Transfers are avoidable under §§ 544 and 548(a)(1)(A) of the Bankruptcy Code and section 726.105(1)(a), Florida Statutes.

WHEREFORE, the Trustee respectfully requests the Court enter a judgment in its favor and against Defendant as follows: (i) finding that the Fraudulent Transfers are avoidable transfers under § 548 of the Bankruptcy Code or, in the alternative, under § 544 of the Bankruptcy Code and sections 726.105(1)(a) and 726.108 of the Florida Statutes; (ii) avoiding the Fraudulent Transfers for the benefit of the estate; and (iii) for any additional relief the Court deems just and proper.

**COUNT 2**
**Avoidance of Constructively Fraudulent Transfers**
**Under §§ 544 and 548(a)(1)(B) of the Bankruptcy Code and**
**Sections 726.105(1)(b), 726.106(1), and 728 of the Florida Statutes**

35. The Trustee repeats and re-alleges the allegations set forth in paragraphs 1 through 25 of this Amended Complaint as if fully set forth herein.

36. This is an action pursuant to §§ 544 and 548(a)(1)(B) of the Bankruptcy Code and sections 726.105(1)(b), 726.106(1), and 726.108 of the Florida Statutes to avoid constructively fraudulent transfers made by the Debtor to Defendant.

37. The Debtor made the Fraudulent Transfers to Defendant within two years of the Petition Date.

38. The Debtor did not receive reasonably equivalent value in exchange for the Fraudulent Transfers.

39. The Debtor remained inadequately capitalized as a result of the Fraudulent Transfers until the Petition Date.

40. The Debtor made the Fraudulent Transfers when the Debtor intended to incur, or believed that it would incur, debts beyond its ability to pay them as they matured and/or became due.

41. The Debtor remained unable to pay its debts as they matured and/or became due as a result of the Fraudulent Transfers thereafter until the Petition Date.

42. The Debtor was insolvent as of the date of each of the Fraudulent Transfers or became insolvent as a result of the Fraudulent Transfers.

43. The Debtor's insolvency at the time of the Fraudulent Transfers is evidenced by the fact that the Debtor's assets far-exceeded its liabilities and the Debtor's inability to pay its liabilities as they became due.

44. Alternatively, to the extent the Debtor was not insolvent on the date of the Fraudulent Transfers, it was rendered insolvent by the Fraudulent Transfers.

45. Moreover, the Fraudulent Transfers increased the Debtor's already insolvent condition, leaving it unable to pay its liabilities.

46. The Debtor was engaged, or about to engage, in business or a transaction for which any property remaining with the Debtor or for whose benefit the transfer(s) was made was an unreasonably small capital.

47. The Debtor intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

48. The Debtor's obligations to Defendant lacked the typical documentation that memorializes the substantial amount that was purportedly owed by the Debtor to Defendant.

49. There is at least one holder of a claim that is allowable against the Debtor which would have standing to assert a claim for relief under sections 726.105(1)(b) and 726.106(1), Florida Statutes.

50. Accordingly, the transfers are avoidable pursuant to §§ 544 and 548(a)(1)(B) of the Bankruptcy Code and sections 726.105(1)(b), 726.106(1), and 726.108 of the Florida Statutes.

WHEREFORE, the Trustee respectfully requests the Court enter judgment in its favor and against Defendant: (i) finding that the Fraudulent Transfers are avoidable transfers under § 548(a)(1)(B) of the Bankruptcy Code and/or § 544 of the Bankruptcy Code and sections 726.105(1)(b), 726.106(1), or 726.108 of the Florida Statutes; (ii) avoiding the Fraudulent Transfers; (iii) and awarding any additional relief that this Court deems just and proper.

## COUNT 3

## Avoidance of the Fraudulent Transfers Under Section 726.106(2), Florida Statutes

51. The Trustee repeats and re-alleges the allegations set forth in paragraphs 1 through 25 of this Amended Complaint as if fully set forth herein.

52. This is an action to recover constructively fraudulent transfers pursuant to § 544(b) of the Bankruptcy Code and sections 726.106(2) and 726.108, Florida Statutes.

53. Within four years prior to the Petition Date, the Debtor made the Fraudulent Transfers for the benefit of the Defendant.

54. The Fraudulent Transfers are fraudulent as to creditors whose claim arose before the Fraudulent Transfers occurred because:

a. The Fraudulent Transfers were made to an insider—the Defendant—on account of an antecedent debt;
b. The Debtor was insolvent at the time of the Fraudulent Transfers; and
c. Defendant had reasonable cause to believe that the Debtor was insolvent.

55. There is at least one holder of a claim that is allowable against the Debtor which would have standing to assert a claim for relief under section 726.106(2), Florida Statutes.

56. Pursuant to § 544(b), the Trustee may assert these claims by stepping into the shoes of a creditor holding an unsecured claim that is allowable under § 502 or that is not allowable only under § 502(e).

57. The Trustee steps into the shoes of any one of, or all of, the unsecured creditors reflected on the Claims Register holding a claim that is allowable under § 502 or that is not allowable only under § 502(e).

58. The Fraudulent Transfers are avoidable under § 544(b) of the Bankruptcy Code and sections 726.106(2) and 726.108 of the Florida Statutes.

WHEREFORE, the Trustee respectfully requests the Court enter judgment in his favor an against Defendant as follows: (i) finding that the Fraudulent Transfers to Defendant are avoidable under § 544(b) of the Bankruptcy Code and sections 726.106(2) and 726.108, Florida Statutes; (ii) avoiding the Fraudulent Transfers for the benefit of the estate; and (iii) awarding any additional relief that this Court deems just and proper.

**COUNT 4**
**Recovery of Avoided Transfers**
**Pursuant to § 550(a)(1) of the Bankruptcy Code**

59. The Trustee repeats and re-alleges the allegations set forth in paragraphs 1 through 25 of this Amended Complaint as if fully set forth herein.

60. The Trustee specifically incorporates the allegations contained in Counts 1 through 3, which establish that the Fraudulent Transfers (together, the "**Avoidable Transfers**") are avoidable pursuant to the Bankruptcy Code.

61. This is an action to recover any of the Avoidable Transfers avoided under Counts 1 through 3 pursuant to § 550(a) of the Bankruptcy Code.

62. To the extent that the Avoidable Transfers are avoided as requested in Counts 1 through 3, § 550(a) of the Bankruptcy Code entitles the Trustee to recover the transferred property, or its value, from the immediate transferee or the entity for whose benefit such transfer was made, or from any immediate or mediate transferee.

63. The Avoidable Transfers are avoidable transfers that may be recovered for the benefit of the Debtor's estate.

64. As alleged in Counts 1 through 4, Defendant is the entity for whose benefit the Avoidable Transfers were made, and the transfers made to him are avoidable pursuant to §§ 547 and 548 of the Bankruptcy Code.

65. Defendant is an initial or subsequent transferee of the Avoidable Transfers.

66. Accordingly, § 550(a)(1) allows the Trustee to recover the Avoidable Transfers avoided under any of Counts 1 through 3, or their value, plus interest thereon through the date of payment, for the benefit of the Debtor's estate.

WHEREFORE, the Trustee respectfully requests the Court enter a judgment in its favor and against Defendant as follows:

a. to the extent the Fraudulent Transfers are avoided under Count 1, ordering that the Fraudulent Transfers or the value of the transfers be recovered from Defendant, along with interest from the date of the Fraudulent Transfers;
b. to the extent the Fraudulent Transfers are avoided under Count 2, ordering that the Fraudulent Transfers or the value of the Fraudulent Transfers be recovered from Defendant, together with interest from the date of the Fraudulent Transfers;
c. to the extent the Fraudulent Transfers are avoided under Count 3, ordering that the Fraudulent Transfers or the value of the Fraudulent Transfers be recovered from Defendant, together with interest from the date of the of the Fraudulent Transfers;
d. awarding the Trustee all costs incurred in this action; and
e. for any additional relief the Court deems just and proper.

## RESERVATION OF RIGHTS

The Trustee reserves the right to bring all other claims or causes of action that the Trustee may have against any Defendant herein or subsequently added as a party with leave of court, on any and all grounds, as allowed under the law or in equity, including but not limited to, those claims not known by the Trustee at this time but that he may discover during the pendency of this adversary proceeding or that he may be entitled to assert based on the relief granted in this adversary proceeding. These reserved claims include, but are not limited

to, actions to avoid and recover payments or other transfers made to parties herein pursuant to applicable law and objections to allowance and treatment of claims of the Defendants pending all Defendants filing claims and the Court's rulings in this adversary proceeding.

Respectfully submitted,

**MILLENNIAL LAW, INC.**
*Special Counsel to Todd Budgen, Trustee-in-Possession of One Fat Frog, Incorporated*
6421 N. Florida Avenue
Tampa, Florida 33604
Phone: (813) 522-6069

By: */s/ Andrew J. Wit*
**Andrew J. Wit** (FBN: 1038525)
awit@millenniallaw.com